WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Hezekiah Ballestero, Jr., | No. CV 14-324-PHX-RCB (SPL) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Brian Hezekiah Ballestero, Jr., who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), and a Motion for Emergency Preliminary Injunction (Doc. 4). The Court will grant the Application to Proceed, dismiss the Complaint with leave to amend, and deny the Motion for Emergency Preliminary Injunction without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.63. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an

opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Here, Plaintiff fails to state a claim upon which relief can be granted in his Complaint, but it appears that the Complaint could be cured by allegations of other facts.  Accordingly, Plaintiff's Complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to amend.

**III.    Complaint**

In his Complaint, Plaintiff alleges four counts against the following Defendants: Charles Ryan, "Director of Arizona State Prisons at the Arizona Department of Corrections"; Richard Pratt, "Interim Division Director of Health Services Division at the Arizona Department of Corrections"; Robert Parkinson, "Facili[ta]tor Health Administrator at Florence-Complex Health administration"; and "Corizon-John Doe," "Healthcare provider administrator at the Arizona State Department of Corrections."

Plaintiff asserts Count One against Defendant Ryan and alleges as follows: As the Director of the Arizona Department of Corrections ("ADOC"), Defendant Ryan is responsible for establishing, monitoring, and enforcing overall operations, policies and practices of the ADOC, including the provision of constitutionally adequate medical, mental health, and dental care for all prisoners in the custody of the ADOC.  Through his written policies, Defendant Ryan promised prisoners to provide resources sufficient to ensure that ADOC prisoners are given the community standard of healthcare, but those policies are "more honored in the breach than in the observance."

Defendant Ryan has established and approved policies that caused Plaintiff to experience multiple interruptions in his care, including delays in responses to his Health Needs Requests ("HNRs"), delays in receiving medications, abrupt changes to medications, improper medication, inadequate monitoring and follow-up visits, and a lack of psychological services for mental health deterioration.  Plaintiff has not received the adequate treatment for Plaintiff's pain and hernia.  Plaintiff has not been provided with adequate and timely medical care, causing him harm and permanent injury.  Plaintiff experiences frequent diarrhea, nausea, exhaustion, weight loss, pain, and "other alarming

symptoms."  Plaintiff faces "lengthy and dangerous" delays in receiving healthcare and outright denial of healthcare because Defendants have a policy and practice of failing to provide timely access to healthcare and are deliberately indifferent to the risk of harm and injury to Plaintiff.  In addition to restricting Plaintiff's ability to request health care, Defendants fail to provide care after receiving notice of Plaintiff's need and are deliberately indifferent to the harm that results.  Plaintiff has to file multiple HNRs and faces delays of many weeks and often months before receiving exams or medicine.

The harm from the delays in care is aggravated by "Defendants' policies and practices of having AD[O]C clinicians make treatment decision[s] without examining Plaintiffs, instead relying on brief notes or descriptions from lower level medical assistants [and] correctional officers who have no medical training."  The lower level staff refuse to acknowledge patients' symptoms until the condition has become life threatening or results in permanent injury.

"Defendant Ryan also has a policy and practice of relying on unqualified personnel to perform medical procedures for which they are unqualified with horrific results."  Plaintiff requested emergency medical treatment and he was delayed for a few days, "which is a pattern of Defendant[]s not providing Plaintiff[]s with timely emergency medical treatment."  Defendant Ryan does not have an adequate medical system for responding to healthcare emergencies and there is not an adequate number of staff to respond to many possible emergencies.  Defendants do not have adequately trained security and healthcare staff in handling emergencies.  Defendants are aware of all the deprivations complained of in the Complaint.

Plaintiff asserts Count Two against Defendant Pratt and alleges as follows: Defendant Pratt is responsible for establishing, monitoring, and enforcing Department of Corrections' system-wide healthcare policies and practices, and for supervising the provision of adequate medical, mental, and dental care for all prisoners.  Through written policies, Defendant Pratt promised prisoners that he would provide sufficient resources to provide the community standard of healthcare, but the written policies are "more honored

in the breach th[a]n in the observance."   Defendant Pratt is aware of the system-wide deficiencies that caused and continue to cause harm to Plaintiff and has failed to take measures to establish reasonable healthcare.   Defendants have a policy and practice of providing medicine "listed on a very limited formulary of approved medication." Medical staff frequently substitute doctor-approved drug regimens with drugs on the ADOC's "approved formulary" and, thus, Plaintiff has been denied adequate pain medicine for his serious medical condition.   Many of the deficiencies in the ADOC's healthcare system are caused by Defendants' failure to employ sufficient health care staff positions or to provide adequate healthcare to Plaintiff.   An ADOC doctor testified in September 2011 that the ADOC health system is chronically and consistently understaffed.   Defendant Pratt has not tried to fix inadequate staffing levels.

Defendant's failure to provide adequate medical care for Plaintiff's serious medical condition has resulted in Plaintiff experiencing prolonged and unnecessary pain and suffering and continued deterioration.   Plaintiff's life-threatening hernia could rupture.   Plaintiff needs medical treatment.   Because of Defendant's inaction, Plaintiff experiences frequent diarrhea, nausea, exhaustion, weight loss, pain, and "other alarming symptoms."

Plaintiff asserts Count Three against Defendant Parkinson and alleges as follows: As the Facilitator Health administrator, Defendant Parkinson is responsible for establishing, monitoring, and enforcing ADOC system-wide healthcare policies and practices and for supervising the provision of adequate medical, mental health, and dental care for all prisoners.   Through written policies, Defendant Parkinson promised prisoners that he would provide sufficient resources to provide the community standard of healthcare, but his actions have left Plaintiff at the mercy of de facto policies that have put Plaintiff's life in danger.   Defendant Parkinson is well aware of the system-wide deficiencies that have caused and continue to cause harm to Plaintiff.   Defendant Parkinson knows that Corizon has a policy and practice of only providing medicine listed on a limited formulary of approved medication and medical staff routinely substitute

1   doctor-approved drug regimens with drugs on the ADOC formulary and Plaintiff has thus
2   been denied adequate pain medicine for his serious medical condition.  Plaintiff has a
3   life-threatening lower hernia that could rupture at any moment.  Plaintiff has filed several
4   HNRs complaining of extreme pain in his abdomen, which is causing him diarrhea,
5   nausea, exhaustion, weight loss, constant pain, and lack of sleep.  Plaintiff is suffering
6   extreme anxiety and mental and emotional stress that have caused him to "seek mental
7   health."

8        Plaintiff asserts Count Four against Defendant John Doe and alleges as follows:
9   John Doe is the chief executive officer of Corizon Health Services and is responsible for
10   establishing, monitoring, and enforcing overall operations, policies or practices of
11   Corizon health source services, which includes the provision of constitutionally adequate
12   medical, mental health, and dental care for all prisoners in the custody of the ADOC.
13   John Doe is responsible for all decisions concerning staff hiring, supervision,
14   deployment, and training, which affects prisoners' ability to obtain adequate and
15   necessary health services.  John Doe is responsible for providing constitutional conditions
16   of confinement in all units, including, but not limited to, the isolation unit.  Through
17   Corizon's written policies, John Doe promised to provide the community standard of
18   healthcare, but the care that Corizon is providing "falls far below that measure."

19        John Doe has a policy and practice of failing to provide prisoners with adequate
20   healthcare and is indifferent to the fact that failure to do so results in substantial risk of
21   serious harm to Plaintiff.  John Doe has a policy and practice of failing to provide care
22   after receiving notice of Plaintiff's needs and is deliberately indifferent to the harm that
23   results from that failure.  This harm is aggravated by John Doe's policy and practice of
24   having ADOC clinicians make treatment decisions without examining Plaintiff and
25   instead relying on brief notes or descriptions from lower-level medical assistants or
26   correctional officers who have no medical training.  Plaintiff filed multiple HNRS about
27   his pain and injury concerning his hernia and was not seen by a doctor concerning his
28   medical condition for three months.  This failure to timely respond to Plaintiff's HNRs is

compounded by Defendant's failure to create a tracking and scheduling system for healthcare appointments.

John Doe also has a policy and practice of relying on unqualified personnel to perform medical procedures for which they are unqualified "with horrific results." John Doe has not provided Plaintiff with timely emergency treatment responses and Corizon did not have an adequate system for responding to healthcare emergencies. Defendants do not have adequately trained security and healthcare staff in handling healthcare emergencies. John Doe has a policy and practice of failing to prescribe, provide, and properly manage medication and medical devices for inmates with special medical conditions. John Doe has a policy and practice of only providing medicine listed on a limited formulary of approved medication and routinely substituting doctor-approved drug regimens with drugs on the ADOC-approved formulary. Corizon fails to employ sufficient healthcare staff positions to provide adequate healthcare to Plaintiff. There is not enough staff to timely respond to Plaintiff's request for healthcare and to provide uninterrupted medication to adequately screen, monitor, and provide follow-up care to prisoners in ADOC with serious and chronic illnesses. The policies described in the Complaint have subjected Plaintiff to serious risk, harm, and injury.

Plaintiff seeks compensatory and punitive damages and injunctive relief.

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

1      Moreover, not every claim by a prisoner relating to inadequate medical treatment

2  states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff

3  must show that the defendants acted with "deliberate indifference to serious medical

4  needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*,

5  429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by

6  demonstrating that failure to treat the condition could result in further significant injury

7  or the unnecessary and wanton infliction of pain and (2) the defendant's response was

8  deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

9      "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

10  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

11  both know of and disregard an excessive risk to inmate health; "the official must both be

12  aware of facts from which the inference could be drawn that a substantial risk of serious

13  harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

14  837 (1994).   Deliberate indifference in the medical context may be shown by a

15  purposeful act or failure to respond to a prisoner's pain or possible medical need and

16  harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

17  also be shown when a prison official intentionally denies, delays, or interferes with

18  medical treatment or by the way prison doctors respond to the prisoner's medical needs.

19  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

20      Deliberate indifference is a higher standard than negligence or lack of ordinary

21  due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

22  gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of

23  Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

24  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

25  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

26  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

27  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

28  without more, is insufficient to state a claim against prison officials for deliberate

1   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

2   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

3   "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

4        In this case, Plaintiff fails to plead facts supporting that any Defendants have

5   promulgated any of the policies and practices alleged by Plaintiff.  Moreover, Plaintiff

6   fails to plead facts linking any injury suffered by Plaintiff to any policy and practice of a

7   named Defendant.  For instance, Plaintiff alleges that Defendants have a policy and

8   practice of having "lower level staff" examine prisoners and recommend treatment to

9   clinicians, but Plaintiff has failed to plead facts linking such a policy and practice to any

10  injury suffered by Plaintiff.  Moreover, although Plaintiff pleads that he has a hernia and

11  that he filed HNRs that were not responded to, Plaintiff does not plead facts regarding

12  when he filed HNRs, who he filed HNRs with, the content of the HNRs, whether there

13  was a response to the HNRs, and if so, the content of the response or any other facts

14  demonstrating that any Defendant was deliberately indifferent to Plaintiff's serious

15  medical needs.  Moreover, Plaintiff makes the conclusory allegation that Defendants

16  "knew" about the policies and his injury and failed to act to obtain treatment for Plaintiff,

17  but Plaintiff fails to plead facts demonstrating that any Defendant knew of an excessive

18  risk to Plaintiff's health.  Although *pro se* pleadings are liberally construed, *Haines v.*

19  *Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a

20  cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

21  1982).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted

22  against any Defendant in his Complaint.

23  **V.   Leave to Amend**

24        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

25  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

26  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

27  mail Plaintiff a court-approved form to use for filing a first amended complaint.  If

28  Plaintiff fails to use the court-approved form, the Court may strike the amended

complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant[1] with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

---

[1]  If Plaintiff does not know the names of the individual Defendants, Plaintiff must list the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of his complaint, ***and***, in the body of the complaint, Plaintiff must allege facts to support how each particular Doe defendant violated Plaintiff's rights. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.     Motion for Emergency Preliminary Injunction

Plaintiff requests an order from the Court ordering Defendants to give Plaintiff surgery for his hernia.  A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success on the merits of the underlying claim and possible irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Independent Training and Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013).  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citation omitted).  In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim.  Because Plaintiff's Complaint has been dismissed, there are currently no claims pending before this Court.

In addition, a temporary restraining order without notice may be granted *only* if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required.  Fed. R. Civ. P. 65(b)(1).  A "court may only issue a preliminary injunction on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Plaintiff has not provided notice nor does he explain why notice should not be required.  Based on the foregoing, Plaintiff's Motion will be denied without prejudice.

## VII.    Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he

intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.63.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     Plaintiff's Motion for Emergency Preliminary Injunction (Doc. 4) is **denied without prejudice**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of April, 2014.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>              Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , | ) |
| (Full Name of Plaintiff)          Plaintiff, | ) |
|  | ) |
| vs. | )   **CASE NO.** _____ |
|  | )           (To be supplied by the Clerk) |
| (1) _____ , | ) |
| (Full Name of Defendant) | ) |
| (2) _____ , | ) |
|  | )   **CIVIL RIGHTS COMPLAINT** |
| (3) _____ , | )   **BY A PRISONER** |
|  | ) |
| (4) _____ , | )   ☐ Original Complaint |
|           Defendant(s). | )   ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | )   ☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span><span style="padding-left:20em">(Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span><span style="padding-left:20em">(Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span><span style="padding-left:20em">(Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span><span style="padding-left:20em">(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count I?                      ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?           ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes          ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes          ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes          ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
          at your institution?                                                    ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
          you did not. _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                              DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.